FILED
United States Court of Appeals
Tenth Circuit

March 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NATHANIEL MILAM,

     Plaintiff - Appellant,

v.

PAFFORD EMS,

     Defendant - Appellee.

No. 17-7045
(D.C. No. 6:16-CV-00365-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Nathaniel Milam, acting pro se, sued his former employer, Pafford EMS,

asserting claims under Title VII for a hostile work environment and discrimination

based on his religion and national origin. Milam appeals the district court's dismissal

of these claims and requests leave to proceed on appeal in forma pauperis (IFP). We

affirm dismissal of Milam's claims and deny his IFP motion.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Milam formerly worked as a paramedic for Pafford. He alleges co-workers there harassed and mistreated him because he is Jewish and an Israeli citizen and did so with the knowledge and support of management. Shortly after his employment with Pafford ended, Milam filed a discrimination charge against Pafford with the Equal Employment Opportunity Commission (EEOC), asserting claims for hostile work environment, discrimination and retaliation. After receiving a right-to-sue letter from the agency, Milam filed this action, asserting hostile work environment and discrimination claims against Pafford under Title VII.[1]

After discovery, Pafford moved for summary judgment against Milam's claims, arguing that he had failed to exhaust administrative remedies and/or that Pafford was entitled to judgment as a matter of law under the undisputed facts it asserted in its motion. Pafford's statement of undisputed facts was supported by lengthy excerpts from Milam's deposition, sworn declarations and other evidentiary materials. Milam filed a response that attempted to dispute certain of Pafford's stated undisputed facts, but he failed to produce evidentiary material supporting his factual contentions or otherwise comply with the requirements of Rule 56.1 of the district court's Local Civil Rules. Because Milam was acting pro se, the district

---

[1] Even reading Milam's complaint liberally, it does not appear that he asserted a retaliation claim in this action. To the extent Milam was attempting to pursue such a claim in this action, summary judgment was properly entered against him because he did not produce direct evidence of retaliatory motive or, as discussed below, evidence that Pafford's legitimate, non-retaliatory reason for ending his employment was pretextual. *See Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1233-34 (10th Cir. 2015) (stating elements and framework for analyzing Title VII retaliation claim).

court on its own initiative granted him additional time to respond to Pafford's motion and directed him to consider Local Rule 56.1 and Rule 56 of the Federal Rules of Civil Procedure in drafting his response. Milam's supplemental response again did not include supporting evidentiary material, a circumstance Milam apparently attributed to monetary hardship and Pafford's alleged failure to provide requested information. As a result of Milam's failure to produce evidence disputing the material facts set forth in Pafford's motion the district court deemed them admitted, as provided in the local rule. It then dismissed certain of Milam's claims without prejudice, on the ground that he had failed to exhaust administrative remedies as to them, and granted summary judgment against his remaining claims. It also denied Milam's subsequent filing regarding this decision, which it treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Milam appeals the district court's judgment, and seeks leave to proceed on appeal IFP.[2]

## DISCUSSION

Because Milam is proceeding pro se, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id*. And, notwithstanding his pro se status, Milam must follow the same rules of procedure that govern other litigants. *See id*.

---

[2] The district court granted Milam leave to proceed IFP in the proceedings before it, but denied his motion to proceed IFP on appeal based on an improvement in his financial circumstances.

3

Construing his briefing liberally, Milam makes two arguments on appeal: (1) summary judgment was improperly granted because Pafford deliberately withheld witness statements, dispatch logs and other allegedly relevant evidence; and (2) Pafford was not entitled to summary judgment on his claims under the relevant facts.[3] We address each in turn.

## A. Pafford's disclosures and discovery responses

Milam argues Pafford improperly failed to produce witness statements and other evidence he apparently requested in discovery or believes should have been produced

---

[3] The district court also without discussion dismissed some of Milam's claims for failure to exhaust administrative remedies, apparently accepting Pafford's argument that the court lacked subject matter jurisdiction over these unspecified claims because they were not within the scope of the pre-suit charge Milam made to the EEOC. *See* R. at 276. Pafford's argument was directed at certain alleged incidents of discrimination, however, rather than Milam's claims per se. The legal basis for Pafford's argument was unsound because it incorrectly assumed that any discrete incident of alleged discrimination that is not specifically identified in an EEOC charge automatically falls outside the bounds of the charge and hence cannot be presented in a subsequent court action. *See* R. at 134. This is not the law in this circuit. *See, e.g., Jones v. Needham*, 856 F.3d 1284, 1290-91 (10th Cir. 2017) (holding that an EEOC charge "need only describe generally the alleged discrimination in order to give notice of an alleged violation to the charged party" and that the plaintiff's claim in federal court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC" (internal quotation marks, citations and brackets omitted)). Our recent case law further suggests that exhaustion under Title VII is a claims-processing obligation rather than a jurisdictional requirement. *See id.* at 1289. Milam did not address the exhaustion portion of the district court's ruling in his opening brief, however, and under our precedent "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). In addition, as described below, Pafford is entitled to summary judgment under the undisputed facts even considering the alleged incidents it sought to exclude under the exhaustion doctrine. For both of these reasons, we decline to decide whether it was proper to dismiss certain incidents of discrimination from this action under the exhaustion doctrine.

pursuant to Fed. R. Civ. P. 26(a). Milam did not, however, challenge the sufficiency of Pafford's disclosures or discovery responses in the district court until his supplemental response to Pafford's summary judgment motion. In this two-page response, Milam asserted without explanation that his "Prima Faci[e] case has been hampered by a lack of compliance by Pafford EMS in turning over requested information."[4] R. at 279. The district court was not persuaded that this response warranted denial of Pafford's motion for summary judgment.[5] Milam then filed an additional statement in which, among other things, he complained again about Pafford's refusal to turn over unspecified information. The district court treated this filing as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure and denied it.

We discern no error in the district court's treatment of Milam's vague and tardy complaints regarding Pafford's disclosures and discovery responses. Milam could have challenged the sufficiency of these disclosures and responses before the discovery and dispositive motion deadlines passed by filing a motion to compel under Fed. R. Civ. P. 37, but he did not do so. After Pafford filed its motion for summary

---

[4] Milam also acknowledged in this filing that he was not able to provide the court with copies of depositions he claimed supported his claims based on "monitary [sic] hardship." R. at 278-79.

[5] The district court granted Pafford's motion on July 5, 2017, after the deadline for Milam's supplemental response had passed, without consideration of that response, because it was not aware at that time that Milam had timely presented the response to the court clerk for filing. The district court reviewed Milam's supplemental response on July 6 and issued an order reporting it was not persuaded that its decision granting summary judgment should be changed.

judgment, Milam also could have moved for relief under Rule 56(d), which gives district courts discretion to deny or defer consideration of a summary judgment motion if the non-moving party makes an adequate showing that it cannot present facts essential to its opposition to the motion. Fed. R. Civ. P. 56(d).

To the extent Milam's supplemental response to Pafford's motion can be read as an attempt to invoke Rule 56(d), we conclude it was properly rejected because Milam did not file the required affidavit "explain[ing] why facts precluding summary judgment cannot be presented," including "the probable facts not available and what steps have been taken to obtain these facts." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) (internal quotation marks omitted). In addition, while a district court has discretion to delay its ruling or deny summary judgment upon a proper showing under Rule 56(d), it is not compelled to do so when, as it appears here, a party has been dilatory in pursuing discovery. *See id.* at 1180. As a result, we find no merit in Milam's attempt to avoid summary judgment based on Pafford's alleged failure to disclose relevant facts.

## B.     Summary judgment

The district court deemed admitted the undisputed facts set forth in Pafford's Motion for Summary Judgment because Milam failed to produce evidence or otherwise dispute these facts in the manner required by Local Rule 56.1(c). *See* E.D. Okla. Civ. R. 56.1(c). We find no abuse of discretion in this decision. *See Amundsen v. Jones,* 533 F.3d 1192, 1197 (10th Cir. 2008) ("We review a district

6

court's application of its local rules for an abuse of discretion."); *see also* Fed. R. Civ. P. 56(e)(2) (stating that when a party fails to properly address or support a fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion for summary judgment).

Even with Milam's failure to properly dispute Pafford's statement of facts, Pafford was only entitled to summary judgment if its motion and supporting materials—including the facts deemed admitted—showed that under the undisputed facts it was entitled to judgment on Milam's claims as a matter of law. *See* Fed. R. Civ. P. 56(a), (e)(3); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254-55 (10th Cir. 2017) (holding that "in granting summary judgment based upon a failure to respond, a district court must still determine that summary judgment is appropriate"). We review the district court's grant of summary judgment de novo, viewing the factual record and making reasonable inferences from it in the light most favorable to Milam. *See Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). Based on our review of the record and undisputed facts, we agree Pafford was entitled to summary judgment.

### 1. Hostile environment claim

To prevail on his hostile work environment claim, Milam needed to show that his work environment at Pafford "[was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Harris v. Forklift*

7

*Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). We consider the totality of the circumstances in determining whether a work environment is hostile or abusive, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23.

In his deposition, Milam reported several incidents that he claims created a hostile work environment based on his Jewish faith and Israeli origin. These included that several co-workers told him that they once overheard Jordan Fox and another co-worker referring to Milam as a "f—ing Jew" and discussing how to get him fired, R. at 152-53, and that his supervisor once said "don't pull the Jew card on me" in discussing Milam's availability to work on the Sabbath, *id.* at 158-59. Milam reported that his supervisor "didn't quite understand what he was saying at the time" of his "Jew card" comment, *id.* at 159, and admitted that no one made anti-Semitic remarks to him, *id.* at 179.[6] Even if both comments had been made to Milam and were motivated by animus towards his religion or national origin, however, they would not be enough to establish a hostile work environment because "a few isolated incidents of [religious] enmity or sporadic [religious] slurs" do not demonstrate pervasive or severe harassment. *Chavez v. New Mexico*, 397 F.3d 826, 832

---

[6] This undisputed fact, deemed admitted under Local Rule 56.1, contradicts Milam's unsupported assertion in his briefing to this court that he received anti-Semitic taunts from co-workers and management from almost his first day with Pafford.

(10th Cir. 2005) (holding that a hostile work environment based on pervasive racial or other prohibited harassment requires evidence of "a steady barrage of opprobrious . . . comments" and that two disparaging racial comments did not meet this standard (internal quotation marks omitted)); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (holding that "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment" (internal quotation marks omitted)).

Milam also apparently contends that additional incidents support his hostile work environment claim, including that Milam and other paramedics felt they were required to take on more than their fair share of long distance ambulance transfers after Fox refused them; that another co-worker threatened Milam during an argument; and that someone in Pafford's billing office wrote rude emails to him regarding his written report on a call. These incidents are facially neutral, however, and Milam did not testify that they were accompanied by anti-Semitic comments or other evidence suggesting they were motivated by religious or national origin animus towards him. While "facially neutral abusive conduct can support a finding of [discriminatory] animus sufficient to sustain a hostile work environment claim when that conduct is viewed in the context of other, overtly . . . discriminatory conduct," *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1224 (10th Cir. 2015) (internal quotation

marks and brackets omitted), the totality of the circumstances here do not support such a finding.[7]

## 2.    Discrimination claim

Because Milam does not rely on direct evidence in his discrimination claim, we analyze it using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).  Under this three-step framework, "the plaintiff must first establish a prima facie case of discrimination." *Id.* at 1195.  This required Milam to demonstrate that (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.  *See EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).  If Milam satisfied this burden, then "the defendant may come forward with a legitimate, non-discriminatory . . . rationale for the adverse employment action." *Crowe*, 649 F.3d at 1195.  Finally, "[i]f the defendant does so, the plaintiff must show that the defendant's proffered rationale is pretextual." *Id.*

Milam apparently asserts he suffered an adverse employment action, termination of his employment by Pafford, that was motivated by religious or

---

[7] Milam also alleged in his EEOC charge and in his deposition that Pafford reported in one of its newsletters that all employees must be clean shaven, knowing that this requirement conflicted with Milam's religion.  It is undisputed, however, that the newsletter in question did not include this statement.  *See* R. at 132-33.

national origin discrimination.[8]  For purposes of analysis only, we will assume that Milam presented sufficient evidence to support a prima facie discrimination claim as required at the first step of the *McDonnell Douglas* framework.  Pafford then satisfied its burden at step two by producing evidence that it terminated Milam's employment after he no-called/no-showed for a scheduled two-day shift on June 28, 2015, and it received notice from the Oklahoma Employment Security Commission that Milam had filed for unemployment benefits on June 23, claiming that he had been discharged by Pafford on June 15.

Milam did not present evidence that this legitimate, non-discriminatory reason for ending his employment was a pretext for discrimination.  Instead, he essentially argues that he was not in fact scheduled to work on June 28-29, which would have been his regular Sunday-Monday shift, and was thereby effectively terminated.  The sole basis for this contention is that Milam did not see his name on the work schedule for this shift when he last checked the schedule in late May or early June.  It is undisputed, however, that Pafford added Milam to the schedule for this shift on June 11, in accordance with its usual scheduling practices, and that Milam had multiple avenues available to him to check for scheduling updates but failed to use them or to contact anyone in the company to determine his status before abandoning his job.  It is also undisputed that the early June schedule did not show Milam

---

[8]  To the extent Milam asserts that receiving a disproportionate share of long distance transfers constituted an adverse employment action that also supports a discrimination claim, he failed to make a prima facie case regarding this claim because, as described earlier, there is no evidence he received these transfers under circumstances giving rise to an inference of discrimination.

working his regular Sunday-Monday shift on June 21-22, but that Milam nonetheless notified his supervisor by email on June 20 that he would not be able to work his shift on these dates. This action contradicts Milam's assertion that he believed he was terminated when Pafford's shift schedule as of early June did not show him working his regular shifts the last two weeks of June. As a result of Milam failing to present evidence creating a genuine issue as to pretext, the district court properly granted summary judgment to Pafford on Milam's discrimination claim.

## CONCLUSION

We affirm the district court's grant of summary judgment to Pafford. We also deny Milam's motion to proceed in forma pauperis on appeal, because his application indicates that he is financially able to prepay the fee for this appeal. *See* 28 U.S.C. § 1915(a). The entire filing fee is immediately due and payable to the Clerk of the District Court.

Entered for the Court


Bobby R. Baldock
Circuit Judge

12